TOM PETRUS & MILLER LLLC

RICHARD B. MILLER                    3729-0
rmiller@tpm-hawaii.com
Tel. (808) 792-5855
ASHLEY R. SHIBUYA                    10200-0
ashibuya@tpm-hawaii.com
Tel. (808) 792-5804
Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii  96813
Facsimile:  (808) 792-5809

Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br>vs.<br><br>SHAUN CHING,<br><br>Defendant. | CIVIL NO. CV 16-00418 DKW-KJM<br> (Declaratory Judgment)<br><br>FINDINGS AND RECOMMENDATION GRANTING [14] PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT<br><br>HEARING<br>Date:      February 1, 2017<br>Time:      10:00 a.m.<br>Judge:     Hon. Kenneth J. Mansfield |

**FINDINGS AND RECOMMENDATION GRANTING [14] PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Before this Court is Plaintiff STATE FARM FIRE AND CASUALTY COMPANY's ("State Farm") Motion for Default Judgment or, in the Alternative, for Summary Judgment.  Said Motion came on for hearing on February 1, 2017 at 10:00 a.m., with Ashley R. Shibuya appearing on behalf of State Farm. Three calls were made for Defendant SHAUN CHING ("Ching") with no response.  Upon careful consideration of the Motion, the supporting memoranda, and the arguments of counsel, the Court hereby finds and recommends that State Farm's Motion be GRANTED.

## I.    BACKGROUND

The instant declaratory judgment action was brought by State Farm so that it may obtain a judicial determination as to its defense and indemnity obligations, if any, to Ching for the claims asserted against him the civil action entitled <u>Larry Tourangeau v. Shaun Y.T. Ching, et al.</u>, Civil No. 15-1-1998-10 VLC (the "Underlying Lawsuit"), filed in the Circuit Court of the First Circuit, State of Hawaii.  <u>See</u> ECF No. 1.

On October 16, 2015, Larry Tourangeau ("Tourangeau") filed the Underlying Lawsuit against Ching, alleging four causes of action:  (1) assault and battery, (2) defamation, (3) conversion, and (4) intentional infliction of emotional

distress ("IIED").  ECF No. 15, at Exh. A.  First, with respect to the claim for assault and battery, the Underlying Lawsuit alleges that on or about September 15, 2015, Ching intentionally slammed a moped seat on Tourangeau's arm, causing him injury, pain, and suffering.  Id.

Second, in support of the defamation claim, the Underlying Lawsuit alleges that in or around September 2015, Ching published a number of false statements that Tourangeau had physically assaulted, sexually assaulted, and abused him to the Honolulu Police Department and other third parties.  According to the Underlying Lawsuit, Ching's conduct was willful, wanton, oppressive, and/or malicious, and caused Tourangeau to suffer loss of reputation, distress, humiliation, embarrassment, and special damages.  Id.

Third, regarding the conversion claim, the Underlying Lawsuit alleges that on or about September 19, 2015, Ching seized certain building plans from Tourangeau.  According to the Underlying Lawsuit, Tourangeau was able to recover only half of the subject building plans from Ching, who is believed to have retained the other half.  Additionally, Ching allegedly seized keys from Tourangeau and his tenant on September 15, 2015, requiring Tourangeau to change all the locks in connection with the subject keys after Ching refused to return them.  Ching's conduct was allegedly committed with the intent to harass and annoy Tourangeau and deprive him of his lawful property.  Id.

Last, with respect to the claim for IIED, the Underlying Lawsuit alleges that Ching engaged in extreme and outrageous conduct with the intent of causing, or acted with reckless disregard as to the probability of causing, emotional distress to Tourangeau.  The Underlying Lawsuit also maintains that Ching stalked Tourangeau on various occasions in September 2015, causing him emotional distress.  Id.

The Underlying Lawsuit prays for general, special, and punitive damages; pre- and post-judgment interest; attorneys' fees and costs; and such other and further relief.  Id.

State Farm undertook the defense of Ching subject to a reservation of its rights under the subject State Farm insurance policy.  See ECF No. 1.

## B.    Procedural History

On July 29, 2016, State Farm filed its Complaint for Declaratory Judgment against Ching (the "Complaint").  Id.  On October 4, 2016, the Summons and Complaint in this matter were served upon Ching by leaving the Summons and Complaint at Ching's residence and/or usual place of abode with a person of suitable age and discretion.  ECF No. 10.

On November 4, 2016, State Farm filed its Request to Clerk for Entry of Default of Defendant Shaun Ching as to the Complaint for Declaratory Judgment, filed July 29, 2016, on the basis that (1) the time within which Ching could have

answered or otherwise moved or defended against State Farm's Complaint, as

provided in the Federal Rules of Civil Procedure or any other rule of the court,

expired; and (2) no extension having been granted, Ching failed to answer or

otherwise move in accordance with Rule 12 of the Federal Rules of Civil

Procedure.  ECF No. 11.  On November 7, 2016, the Clerk of the Court entered

Ching's default.  ECF No. 12.

    **C.**    **The State Farm Policy**

State Farm issued a Homeowners Policy, Policy No. 51 BS-4650-8 (the

"Policy") to Ching, which covered the policy period from September 2, 2015 to

September 2, 2016.  ECF No. 15, at Exh. B.  The Homeowners Policy provided, in

relevant part:

**DEFINITIONS**

"You" and "your" mean the "named insured" shown in the
**Declarations**.  Your spouse is included as a resident of your
household.  "We", "us" and "our" mean the Company shown in the
**Declarations**.

Certain words and phrases are defined as follows:

1.    "**bodily injury**" means physical injury, sickness, or disease to a
person.  This includes required care, loss of services and death
resulting therefrom.

    **Bodily injury** does not include:

    a.    any of the following which are communicable:  disease,
bacteria, parasite, virus, or other organism, any of which
are transmitted by any **insured** to any other person;

  b.  the exposure to any such disease, bacteria, parasite, virus, or other organism by any **insured** to any other person; or

  c.  emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

. . .

7.  "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

  a.  **bodily injury**; or

  b.  **property damage**;

during the policy period.  All **bodily injury** and **property damage** resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

**Occurrence** also means the commission of an offense, or series of similar offenses, which result in **personal injury** during the policy period.  All **personal injury** resulting from one offense, series of similar offenses or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.[1]

8.  "**property damage**" means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not **property damage**.

. . .

"**Personal injury**"[2] means injury arising out of one or more of the following offenses:

---

[1] The definition of "occurrence" is amended by the "Personal Injury Endorsement," Form No. FE-7468.4. ECF No. 15, at Exh. B.

[2] The definition of "personal injury" is added to the Policy by the Personal Injury Endorsement, Form No. FE-7468.4.  Id.

a.    false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution; or

b.    libel, slander, defamation of character or invasion of rights of privacy.

## SECTION II – LIABILITY COVERAGES

## COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an **Insured** for damages because of **bodily injury**, **personal injury**, or **property damage** to which this coverage applies, caused by an **occurrence**, we will:[3]

1.    pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2.    provide a defense at our expense by counsel of our choice.  We may make any investigation and settle any claim or suit that we decide is appropriate.  Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence** equals our limit of liability.

. . .

## SECTION II – EXCLUSIONS

1.    Coverage L and Coverage M do not apply to:

a.    **bodily injury** or **property damage**:

(1)    which is either expected or intended by the **insured**; or

(2)    which is the result of willful and malicious acts of the **insured**;

---

[3] This paragraph is amended by the Personal Injury Endorsement, Form No. FE-7468.4.  <u>Id.</u>

. . .

**SECTION II – EXCLUSIONS** do not apply to **personal injury**. **Personal injury** does not apply:[4]

. . .

7.    when you act with specific intent to cause harm or injury;

8.    to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed; . . .

Id.

## II    DISCUSSION

Upon careful consideration of the materials submitted by State Farm, together with the instant Motion, this Court finds that the terms and conditions of the subject State Farm policy do not afford Ching coverage for the claims alleged against him in the Underlying Lawsuit.  Neither does the Policy provide coverage for any punitive damages that may be awarded against Ching.  Accordingly, based on State Farm's supporting documentation, Ching's failure to respond to State Farm's Complaint, and the appropriateness of default judgment after consideration of the factors set forth in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1991), this Court hereby recommends that default judgment against Ching be GRANTED.

### A.    Ching is Not Entitled to Coverage Under the Policy's Personal Liability Coverage

#### 1.    Tourangeau's Claims for Defamation and Conversion Do Not Constitute "Bodily Injury" or "Property Damage"

---

[4] These exclusions are added by the Personal Injury Endorsement, Form No. FE-7468.4.  Id.

The Policy provides personal liability coverage for "bodily injury" and "property damage." ECF No. 15, at Exh. B. "Bodily injury" is defined by the Policy as "physical injury, sickness, or disease to a person" and excludes from the definition any "emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person." Id. "Property damage" is defined as "physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not **property damage**." Id. (bold in original). Based on these definitions, the Court finds that Tourangeau's claims for defamation and conversion do not meet the Policy's definitions for "bodily injury" or "property damage" and are thus not covered under the Policy's personal liability coverage.

### 2.    There is No Coverage Under the Policy Because the Underlying Lawsuit Does Not Allege an "Occurrence"

Under the Policy, personal liability coverage will only be afforded if the alleged "bodily injury" or "property damage" is caused by an "occurrence," which is defined, in relevant part, as an "accident." Id. The Court finds that the injuries described in the Underlying Lawsuit were the intended and/or expected result of Ching's conduct, and, as such, do not constitute an "occurrence" to which coverage may apply.

In determining whether a claim arises from an "accident" within the

coverage of a liability insurance policy, Hawaii courts view the facts underlying the claim objectively, from the standpoint of the insured. Hawaiian Holiday Macadamia Nut Co., Inc. v. Indus. Indem. Co., 76 Hawaii 166, 170, 872 P.2d 230, 234 (1994). Thus, "[I]f the insured did something or ... failed to do something, and the insured's expected result of the act of omission was the injury, then the injury was not caused by an accident and therefore not ... within the coverage of the policy...." Id. (internal citation omitted).  Hawaii courts focus solely on the factual allegations in the underlying complaint, and not on the legal theories pled by the plaintiff.  See Dairy Rd. Partners v. Island Ins. Co., Ltd., 92 Hawaii 398, 417, 992 P.2d 93, 112 (2000).

In this case, the Underlying Lawsuit does not describe conduct that could be considered "accidental."  First, assault, battery, and conversion are intentional torts.[5]  See Williams v. Aona, 121 Hawai`i 1, 13, 210 P.3d 501, 513 (2009) (battery); State Farm & Cas. Co. v. Hawaii Hope Mission Baptist Church, Civ. No. 12-00687 JMS-KSC, 2014 WL 1045872, at *6 (D. Haw. March 14, 2014) (assault); Freddy Nobriga Enter., Inc. v. State, Dept. of Hawaiian Home Lands, 129 Hawai`i 123, 129-30, 295 P.3d 993, 999-1000 (Ct. App. 2013) (conversion). Second, the Underlying Lawsuit does not indicate that Ching "negligently" uttered

---

[5] The Underlying Lawsuit alleges that Ching intentionally slammed a moped seat on Tourangeau's arm and took Tourangeau's building plans and keys.  ECF No. 15, Exh. A.

his allegedly defamatory statements that Tourangeau had abused and sexually assaulted him or that his communications to third parties were the result of an "accident."  See Allstate Ins. Co. v. LaPore, 762 F. Supp. 268, 271 (N.D. Cal. 1991) (explaining that "[t]he very nature of defamation precludes the conclusion that it can occur 'accidentally'").  Last, Tourangeau's IIED claim does not constitute an "occurrence" because his emotional distress damages are not only the byproduct of conduct that cannot be characterized as "accidental" (e.g., conversion, defamation, and assault and battery), but are also the expected and/or reasonably foreseeable result of Ching's alleged misconduct.  See Hac v. Univ. of Hawaii, 102 Hawai`i 92, 106-07, 73 P.3d 46, 60-61 (2003) (a claim for IIED requires that the defendant have engaged in conduct that was so "outrageous" that it caused extreme emotional distress to another).

Based on the foregoing, this Court finds that the allegations in the Underlying Lawsuit do not constitute an "occurrence" as required to trigger coverage under the Policy.

### 3. The Policy's Exclusions Preclude Ching from Coverage for any Alleged "Bodily Injury" or "Property Damage"

The Policy's exclusions also preclude Ching from coverage. First, the Policy's personal liability coverage is barred under the exclusion for "bodily injury" or "property damage" expected or intended by the insured, as Ching allegedly engaged in deliberate acts against Tourangeau, whose claimed damages

are the kind of damages a reasonable person would expect from such misconduct.
ECF No. 15, at Exh. B.

Second, Ching is precluded from coverage pursuant to the Policy's exclusion
for "bodily injury" and "property damage" that are the result of the "willful" and
"malicious" acts of the insured.  ECF No. 15, at Exh. B.  While the terms "willful"
and "malicious" are not defined by the Policy, they have been described as
follows:

> Black's Law Dictionary defines "willfullness" as "involv[ing]
> conscious wrong or evil purpose on the part of the actor, or at least
> inexcusable carelessness, whether the act is right or wrong. The term
> willful is stronger than voluntary or intentional; it is traditionally the
> equivalent of malicious, evil, or corrupt." Black's Law Dictionary (9th
> ed. 2009). "Malice" is "[t]he deliberate intent to commit an injury, as
> evidenced by external circumstances." Id. Both terms denote an intent
> to commit harm, though "willfulness" also includes "inexcusable
> carelessness" regarding whether the act was right or wrong.

State Farm Fire & Cas. Co. v. Hanohano, 158 F.Supp. 3d 1023, 1034 (D. Haw.
2016).  The allegations in the Underlying Lawsuit fall squarely into the above-
quoted definitions of "willfulness" and "malice," as Ching's purported conduct
evinces an intent to cause Tourangeau injury.

In light of the applicability of the two exclusions, this Court thus finds that
Ching is precluded from the Policy's personal liability coverage.

**B.     Coverage for Any Alleged "Personal Injury" is Precluded by the
        Policy's Exclusions**

The Policy also extends coverage to damages caused by "personal injury,"

which is defined as an injury that arises out of false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, libel, slander, defamation, or invasion of privacy.  ECF No. 15, Exh. B.  The only cause of action in the Underlying Lawsuit that could potentially constitute a claim for "personal injury" is Tourangeau's defamation claim; however, coverage for this claim is barred by the Policy's exclusions for acts undertaken with a specific intent to cause harm or injury and for "personal injury" that is the result of the insured's willful and malicious acts.  Id.

In this case, Ching allegedly published statements that Tourangeau had abused, physically assaulted, and sexually assaulted him to the Honolulu Police Department and other third parties even though he knew those statements were false.  Given the violent nature of the alleged statements and Ching's apparent disregard as to the veracity of those statements, this Court finds that Ching acted willfully, with malice, and with the specific intent to injure Tourangeau, thereby triggering the Policy's exclusions and precluding Ching from coverage for any alleged "personal injury."  See Tri-S Corp., 110 Hawai`i at 494 n.8, 135 P.3d at 103 n.8 (2006) (explaining that "intent," in the context of "expected or intended" injury exclusions, contemplates that the insured voluntarily acted with an intent to cause injury); B.M.B. v. State Farm Fire & Cas. Co., 664 N.W.2d 817, 821 (Minn. 2003) ("The specific intent to cause injury requires 'that the insured intended the

harm itself, not that the insured intended to act . . . [and the] intent to cause injury 'reflects the insured's state of mind about the desired harmful consequences of an action by the insured'" (internal citation omitted)).

### C.     The Policy Does Not Provide Coverage for Punitive Damages

The Underlying Lawsuit prays for punitive damages, which fall outside the coverage afforded by the Policy.  Under Haw. Rev. Stat. § 431:10-240, "Coverage under any policy of insurance issued in [Hawaii] shall not be construed to provide coverage for punitive or exemplary damages unless specifically included."  State Farm's Policy does not specifically include coverage for punitive damages.  See ECF No. 15, at Exh. B.  Therefore, pursuant to Haw. Rev. Stat. § 431:10-204, this Court finds that State Farm is not responsible for any punitive damages that may be awarded against Ching in the Underlying Lawsuit.

### D.     Default Judgment is Appropriate

The Court finds and recommends that the Motion be granted and that default judgment be entered against Ching and in favor of State Farm.

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, default judgment may be entered as follows:

> (1) **By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) **By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

When determining whether default judgment is appropriate in a particular case, the court, exercising its discretion, may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

Applying the above to the present case, the record shows that the Complaint and Summons in this action were served upon Ching on October 4, 2016.  ECF No. 10.  Ching did not answer or otherwise defend against State Farm's Complaint, and the time to do so, as provided by the Federal Rules of Civil Procedure or any other

rule of the Court has expired.  See ECF No. 11.  Entry of Default was entered against Ching by the Clerk of the Court on November 7, 2016.  ECF No. 12. Ching has not moved to set aside the default entered against him and has neither opposed State Farm's Motion nor appeared at the hearing for said Motion.  See ECF No. 21.  Based on Ching's default, and the allegations in State Farm's Complaint, the records and files herein, this Court finds that the Eitel factors, cited above, weigh in favor of default judgment against Ching.

Accordingly, and because the Policy does not afford Ching coverage for the claims in the Underlying Lawsuit, default judgment in favor of State Farm and against Ching is appropriate.

## III.   CONCLUSION

For the foregoing reasons, this Court FINDS and RECOMMENDS that [14] Plaintiff State Farm's Motion for Default Judgment or, in the alternative, for Summary Judgment against Defendant Shaun Ching be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, February 23, 2017.



 /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge